**NOT FOR PUBLICATION**

FILED

APR 29 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-50155 |
| Plaintiff - Appellee, | D.C. No. 3:04-CR-00253-H-1 |
| v. | |
| FRANCISCO KELLY-PALMER, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Honorable Marilyn L. Huff, Chief District Judge, Presiding

Argued and Submitted April 8, 2010
Pasadena, California

Filed

Before: FRIEDMAN,[**] D.W. NELSON, and REINHARDT, Circuit Judges.

1.  We need not decide whether, as the appellant Francisco Kelly-Palmer

contends, Rule 32 of the Federal Rules of Criminal Procedure entitled him to

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    Daniel M. Friedman, United States Circuit Judge for the Federal Circuit, sitting by designation.

allocute twice in this proceeding: first, before the district court revoked his supervised release imposed for an earlier conviction (which Kelly-Palmer did) and, second, before the court sentenced him for such violation. We so conclude because, in his allocution to the district court, the sole statement Kelly-Palmer made related to the sentence, and he contended only that his sentence should be served concurrently with, and not consecutively to, the sentence for his prior conviction.

Kelly-Palmer, a Mexican citizen, has a history of attempting to enter the United States illegally and of being removed. The supervised release here at issue was imposed in 2004 following his conviction for making a false statement to a federal official during an attempted illegal entry. In 2008 he was convicted of an additional illegal entry and of making false statements to a federal official and sentenced to twenty-four months confinement. In the interim, the government had instituted a district court proceeding to revoke his prior supervised release.

At the hearing in the revocation proceeding, the district court asked Kelly-Palmer whether he would "like to address the Court before the Court acts on this petition?" The following colloquy ensued:

> THE DEFENDANT (Through interpreter): I ask that you
> give me an opportunity and that if you can unite the case.

2

THE COURT: You say—by unite, you mean run [the sentences] together?

THE DEFENDANT: Yes.

After ruling that Kelly-Palmer had violated his supervised release **[ER 45–48],** the district court stated: "Then the issue next becomes does the Court run [the sentence] concurrently or consecutively."

When the district court indicated that it would impose a sentence of twelve months confinement—the bottom of the Sentencing Guidelines range—consecutive to the prior sentence of twenty-four months, it rejected counsel's suggestion that part of those twelve months be served concurrently with the twenty-four months. **[ER 49]**. Kelly-Palmer then stated:

THE DEFENDANT: Tell her [Chief District Judge Huff] that's fine, but couldn't she put [the sentences] together, and I will not come back?

THE COURT: The Court has considered that, and the Court believes in this instance, based on all of the information before the Court, that I'm not putting them together. I'm running them consecutive, which means one after the other. **[ER 50]**

As the foregoing facts show, when Kelly-Palmer allocuted, before the district court ruled on the revocation of his supervised release, he did not address the merits of that issue. Instead, he discussed only the sentence and contended

3

only that the two sentences should run concurrently rather than consecutively. He made the same single point when he spoke after the court had announced the sentence but before determining how it would be served. In these circumstances, there is no reason to believe that, if he had been given a second allocution, he would have said anything different from, or in addition to, what he had said about the sentence in his prior statements: that his new sentence should be served concurrently with, and not consecutively to, his prior sentence.

The right of allocution is the right of the defendant personally to address the court before the sentence is imposed. *See* Fed. R. Crim. P. 32.1; *Green v. United States*, 365 U.S. 301, 304, 307 (1961). Kelly-Palmer was given and exercised that right.

2. The district court properly relied upon Kelly-Palmer's previous violations of supervised release in determining the sentence. Although those prior violations occurred in other cases, they were all part of Kelly-Palmer's single general course of conduct—illegal entry into the United States, lying to federal officials, convictions for those offenses, removal from this country and reentry to it unlawfully—in violation of his supervised release. They were pertinent in setting his sentence. In view of those facts and the Sentencing Guidelines direction that "imprisonment imposed upon the revocation of . . . supervised release shall . . . be

4

served consecutively to any sentence of imprisonment that the defendant is serving," U.S.S.G. § 7B1.3(f), the consecutive sentence was reasonable.

3. The district court properly considered and discussed the relevant sentencing factors in 18 U.S.C. § 3553(a). The court's failure to discuss particular factors does not mean that the court did not consider them. *See, e.g.*, *United States v. Ressam*, 593 F.3d 1095, 1119 (9th Cir. 2010). The district court adequately articulated and explained the reasons why it determined that, in view of Kelly-Palmer's past conduct, a sentence of twelve months consecutive imprisonment was appropriate.

AFFIRMED.